UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 2 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Michael K. Ciacci,                      )
                                        )
        Plaintiff,              )
                                        )
v.                                      )   Civil Action No.   **12 1031**
                                        )
Director Administrative Offices         )
of the United States Courts             )
Judge Thomas P. Hogan *et al.*,         )
                                        )
        Defendants.             )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and the accompanying application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed under the *Younger* abstention doctrine discussed below.

Plaintiff is a pretrial detainee at the District of Columbia Jail claiming that his custody is unconstitutional. The complaint's allegations are disjointed but plaintiff alleges that the United States Marshal in Austin, Texas, took him into custody on April 24, 2012, based on a warrant issued by Judge Michael Ryan of the Superior Court of the District of Columbia. *See* Compl. at 1-2. Plaintiff also alleges that he was "indicted . . . in March 2012, over 8 months after July 2, 2011 original case, and conditional release without dismissal at any point." *Id.* at 1. Plaintiff asserts that he has yet to appear in court on the warrant and that the "indictment charges are in violation of [his] right to speedy trial and right to jury trial . . . ." *Id.* at 2. Plaintiff seeks, *inter alia*, monetary damages of $139,000 and "demands" that this Court "compel Judge Ryan . . . and US Marshalls [sic] [to] deliver plaintiff for warrant hearing." *Id.*

The proper recourse for plaintiff is to apply for a writ of habeas corpus under 28 U.S.C. § 2241, but "a federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Pennzoil Co., v. Texaco, Inc.*, 481 U.S. 1, 9-10 (1987)). Such is the case here because plaintiff will have the opportunity to litigate the underlying claims of this action in the pending criminal proceeding in Superior Court. *See Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996) (finding *Younger* doctrine applicable "when there are ongoing [judicial] state proceedings [that] implicate important state interests [and] afford an adequate opportunity in which to raise the federal claims"); *Reed v. Caulfield*, 734 F. Supp. 2d 23, 24-25 (D.D.C. 2010) ("[W]hile Section 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, it is established that federal courts generally should abstain from the exercise of that jurisdiction 'if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)); *see also Williams v. Warden-Cent. Det. Facility*, 538 F. Supp. 2d 74, 76 (D.D.C. 2008) ("Federal courts, respecting comity, will interfere with 'state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'") (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)). In addition, it appears from the allegations that plaintiff would not be entitled to monetary damages without first having his detention officially invalidated by, *inter alia*, a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Given "the fundamental policy against federal interference with state criminal prosecutions" absent a showing of irreparable injury that is "both great and immediate," *Younger*, 401 U.S. at 46, this Court, finding no such harm shown, will dismiss the instant action. A separate Order accompanies this Memorandum Opinion.

DATE: June 20, 2012

Ellen J Huvck
United States District Judge